**CAPOZZI ADLER, P.C.**
Mark K. Gyandoh, Esquire (*pro hac vice*)
PA Attorney ID # 88587
312 Old Lancaster Road
Merion Station, PA  19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

**ROSMAN & GERMAIN APC**
Daniel L. Germain
5959 Topanga Canyon Boulevard
Suite 360
Woodland Hills, CA 91367-7503
Telephone:  (818) 788-0877
Facsimile: (818) 788-0885
E-mail:  Germain@lalawyer.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Signature Page]

**MORGAN, LEWIS & BOCKIUS LLP**
Mark A. Feller, Bar No. 319789
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001
mark.feller@morganlewis.com

Deborah S. Davidson (*pro hac vice*)
110 N. Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1159
Fax: +1.312.324.1001
deborah.davidson@morganlewis.com

*Attorneys for Defendants*
CAES SYSTEMS, LLC, THE BOARD OF
DIRECTORS OF CAES SYSTEMS, LLC,
THE 401(K) PLAN COMMITTEE OF CAES
SYSTEMS, LLC, AND JOHN DOES 1-30

[Additional Counsel Listed on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Michael Phillips, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CAES Systems, LLC, The Board of Directors of CAES Systems, LLC, The 401(k) Plan Committee of CAES Systems, LLC, Cobham Advanced Electronic Solutions, Inc., The Board of Directors of Cobham Advanced Electronic Solutions, Inc., The 401(k) Plan Committee of Cobham Advanced Electronic Solutions, Inc., and John Does 1-30,

Defendants.

Case No: 5:23-cv-03785-EJD

**STIPULATED PROTECTIVE ORDER**

Assigned to Hon. Judge Edward J. Davila

Michael Phillips, Brenda Paclik, and Crystal Franklin ("Plaintiffs"), and CAES Systems LLC ("CAES"), the Board of Directors of CAES Systems LLC, the 401(k) Plan Committee of CAES Systems LLC, Cobham Advanced Electronic Solutions, Inc. ("CAES Inc."), the Board of Directors of Cobham Advanced Electronic Solutions, Inc., and the 401(k) Plan Committee of Cobham Advanced Electronic Solutions, Inc. ("Committee") and John Does 1-30 (collectively, "Defendants" and together with Plaintiffs, the "Parties"), by and through their respective counsel, jointly submit the following Stipulated Protective Order ("Order").

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 16.7, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that contain confidential and non-public financial or commercial information or non-public personal information or any other information for which a good faith claim of need for protection from disclosure can be made under Rule 26 of the Federal Rules of Civil Procedure or other applicable law specified as set forth herein.

2.3   "ATTORNEYS' EYES ONLY" Information or Items:  refers to CONFIDENTIAL

information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.  Attorneys' Eyes Only Information also includes information pertaining to any individual that would reasonably be deemed sensitive and private by such individual.

2.4    <u>Protected Data</u>:  refers to any information that a Party or Non-Party reasonably believes to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected data constitutes highly sensitive materials requiring special protection.  Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Biley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

2.5    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.7    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.9    <u>Competitor</u>:  any entity engaged in the same or similar line of business as CAES.

2.10    <u>In-House Counsel</u>:  attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.13   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION AND TERMINATION**

4.1    This Order shall continue in effect after the termination of this action and continue to be binding upon all persons to whom Protected Material is disclosed hereunder.

4.2    Within sixty (60) days after the last of a Party's case is terminated (including all appeals), or such other time as the Designating Party may agree in writing, the Receiving Party shall use commercially reasonable efforts to either return or destroy all documents, objects and other materials produced as or designated as Protected Material, including all reproductions thereof, including but not limited to that given to experts and inside counsel. Counsel responsible for the destruction shall certify to counsel for the Designating Party that all such materials have been destroyed to the extent practicable.

4.3    Notwithstanding the provision of Section 4.2, Counsel shall not be required to delete information that may reside on their respective parties', firms', or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible.  However, parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.  Additionally, outside counsel for each Party may retain (a) copies of pleadings, filings, transcripts, expert reports and exhibits (but not documents/materials merely cited), affidavits, and correspondence containing material designated Protected Material, (b) documents, things, copies and samples to the extent they include or reflect receiving attorney's work product, and (c) one copy of pleadings or other papers filed with the Court or served in the course of litigation (and exhibits thereto), the depositions, the deposition exhibits, and the trial record, so long as this Order will continue to govern any such retained materials.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit

any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

With respect to documents containing Protected Material produced in Native Format, the designating party shall include the appropriate confidentiality or protected data designation in the filename.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify within thirty (30) calendar days following receipt of the certified transcript of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Designation and Counter-Designation of Third Party or other Party Files</u>.  A Designating Party may designate, or counter-designate with a higher designation, information or items produced by another Party or non-party that contains or is derived from the Designating Party's own Protected Material.  Designations or counter-designations are subject to the restrictions set forth in this Order.  Each Party that designates or counter-designates such information or items will be treated as the Designating Party for purposes of this Order.

5.4    <u>Inadvertent Failures to Designate</u>.  A Party or person producing information in this litigation who, despite the exercise of due care, produces or provides Protected Material without designating it Protected Material as provided in this Order, may upon timely written notification to the Receiving Party or parties designate the document, thing, other discovery information, response or testimony as Protected Material in accordance with the provisions of this Order.  The Receiving Party or Parties shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation.  Upon notice to the receiving Party of such failure to designate, the Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated material, without prejudice.  Within five (5) days of providing written notice that a document or documents were not designated Protected Material under this provision, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper

STIPULATED PROTECTIVE ORDER
5:23-cv-03785-EJD

1 designation.  Upon receipt of such replacement copies, the receiving party shall immediately destroy

2 any copies of the unmarked or incorrectly marked documents, things, information responses, or

3 testimony; except that the Receiving Party shall not be obliged to destroy any misdesignated material

4 that has become part of the record of this litigation.

5        5.5   <u>Right to Seek Additional Protections</u>.  This Order is entered without prejudice to the

6 right of any Party to seek additional protections from the Court as may be necessary under particular

7 circumstances.

8 **6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

9        6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

10 confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

11 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

12 or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

13 confidentiality designation by electing not to mount a challenge promptly after the original

14 designation is disclosed.

15        6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process

16 by providing written notice of each designation it is challenging and describing the basis for each

17 challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must

18 recite that the challenge to confidentiality is being made in accordance with this specific paragraph

19 of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must

20 begin the process by conferring directly (in voice to voice dialogue; other forms of communication

21 are not sufficient) within 14 days of the date of service of notice.

22        In conferring, the Challenging Party must explain the basis for its belief that the

23 confidentiality designation was not proper and must give the Designating Party an opportunity to

24 review the designated material, to reconsider the circumstances, and, if no change in designation is

25 offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

26 stage of the challenge process only if it has engaged in this meet and confer process first or establishes

27 that the Designating Party is unwilling to participate in the meet and confer process in a timely

28 manner.

STIPULATED PROTECTIVE ORDER
5:23-cv-03785-EJD

6.3  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 4 above (DURATION AND TERMINATION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a

STIPULATED PROTECTIVE ORDER
5:23-cv-03785-EJD

secure manner that ensures that access is limited to the persons authorized under this Order.  Further, the Receiving Party shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as the recipient would use with respect to its own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Sections 10 and 13 below.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) the former officers, directors, and employees (including former In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  the court and its personnel;

(f)  court reporters and their staff,

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of Parties or affiliates of Parties) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(c) this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

STIPULATED PROTECTIVE ORDER
5:23-cv-03785-EJD

1    If the Designating Party timely seeks a protective order, the Party served with the subpoena
2  or court order shall not produce any information designated in this action as "CONFIDENTIAL" or
3  "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or
4  order issued, unless the Party has obtained the Designating Party's permission.  The Designating
5  Party shall bear the burden and expense of seeking protection in that court of its confidential material
6  – and nothing in these provisions should be construed as authorizing or encouraging a Receiving
7  Party in this action to disobey a lawful directive from another court.

8  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**
9        **THIS LITIGATION**

10   The terms of this Order are applicable to information produced by a Non-Party in this action
11 and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information
12 produced by Non-Parties in connection with this litigation is protected by the remedies and relief
13 provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party
14 from seeking additional protections.

15   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's
16 Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not
17 to produce the Non-Party's protected material, then the Party shall:

18   (a) Promptly notify in writing the Requesting Party and the Non-Party that some or all of
19 the information requested is subject to a confidentiality agreement with a Non-Party;

20   (b) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this
21 litigation, the relevant discovery request(s), and a reasonably specific description of the information
22 requested; and

23   (c) Make the information requested available for inspection by the Non-Party.

24   If the Non-Party fails to object or seek a protective order from this court within 14 days of
25 receiving the notice and accompanying information, the Receiving Party may produce the Non-
26 Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a
27 protective order, the Receiving Party shall not produce any information in its possession or control
28 that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

STIPULATED PROTECTIVE ORDER
5:23-cv-03785-EJD

1  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking

2  protection in this court of its Protected Material.

3  **10.** <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5  Protected Material to any person or in any circumstance not authorized under this Stipulated

6  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

7  of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

8  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of

9  all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

10  and Agreement to Be Bound" that is attached hereto as Exhibit A.

11  **11.** **PROTECTED   MATERIAL   AND   ARTIFICIAL   INTELLIGENCE   ("AI")**

12       **PLATFORMS**

13          The Receiving Party shall not load, import, submit, or otherwise transfer documents or data

14  produced by the Producing Party to a publicly accessible Large Language Model ("LLM") or

15  Artificial Intelligence ("AI") platform. LLM or AI platforms may be utilized with industry standard

16  data security provisions and the Party has ensured the documents or data will not be utilized to train

17  public models or otherwise made accessible to other users of the LLM or AI platform.

18  **12.** <u>**PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

19          Pursuant to Federal Rule of Evidence 502(d), the production of any attorney-client privileged

20  or work product protected documents or data ("Produced Privileged Material") is not a waiver in the

21  pending case or in any other federal or state proceeding.  A Party or person claiming privilege or

22  other protections for a Produced Privileged Document shall promptly notify any and all Receiving

23  Parties that received the documents and provide sufficient information to the Receiving Party

24  regarding the asserted privilege(s), in the form of a privilege log pursuant to Rule 26(b)(5) of the

25  Federal Rules of Civil Procedure or as otherwise agreed to by the Parties.  Alternatively, if a

26  Receiving Party discovers a document that it believes to be a Produced Privileged Document, the

27  Receiving Party will promptly notify the Designating Party of what it believes to be the Produced

28  Privileged Document (no Receiving Party will be found in violation of this Order for failing to

identify a Produced Privileged Document).  After discovering or being notified of a Produced Privileged Document, any Receiving Party must not use or disclose the Produced Privileged Document in any way until the claim is resolved and must take reasonable steps to retrieve the document if the Receiving Party disclosed it before being notified of or discovering the production. In addition, within (5) days of discovering or being notified, any Receiving Party must return, or destroy the specified document and any copies.  The Designating Party must retain a copy of the document until the resolution or termination of this Case.  A Party may move the Court for an order compelling production of the document, but such Party may not assert as a ground for entering such an order the mere fact of production.  The Party asserting the privilege shall file its opposition under seal and submit a copy of the document in question for *in camera* review.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

This Order is not intended to impose on a party a waiver of its right to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a party to produce documents without review.  Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is disproportionate (i.e. that the marginal benefit of the discovery is not as great as the cost of said discovery including review).

The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**13.**   **SECURITY AND DATA BREACH**

13.1    Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 13.2 below.

13.2     Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction.   Such measures shall include:

(a)  Reasonably preventing unauthorized persons from gaining access to Protected Material (physical access control);

(b)  Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c)  Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control);

(d)  Reasonably ensuring that the Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control);

(e)  Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material have been entered into, modified, or removed from Protected Material processing systems, (entry control); and

(f)  Reasonably ensuring that the Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

13.3     If the Receiving Party discovers a breach of security relating to the Protected Material of another Party, the Receiving Party shall:

(a)  Provide written notice to the Designating Party of such breach no later than (24) hours after the Receiving Party's discovery of the breach;

(b)  Investigate and remediate the effects of the breach, and provide Designating Party with assurance reasonably satisfactory to the Designating Party that such breach shall not recur; and

(c)  Provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.   If required by any judicial or governmental

request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice to contest such request, requirement or order through legal means.   The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

## 14.   <u>**DEPOSITIONS**</u>

14.1   All deposition testimony shall be treated as containing Confidential Information and subject to this Order until thirty (30) calendar days following receipt of the certified transcript by counsel for the Plaintiffs and Defendants and, in the event of a third-party witness, counsel for the third party.   In the event that any Party wishes testimony or information disclosed at a deposition to be treated as Protected Material thereafter, that Party shall designate such testimony or information as Protected Material by either notifying the other Party in writing, within thirty (30) calendar days following receipt of the certified transcript, or designating during the deposition the transcript or portions thereof as Protected Material, and specifying whether the information is to be treated as "Confidential" Or "Attorneys' Eyes Only."   Documents and things already designated as Protected Material which are used as exhibits shall remain as such.   If during a Court proceeding Protected Material is likely to be revealed, any Party may request that the proceeding be held *in camera,* consistent with the Local Rules.   Any party may designate the deposition testimony of any third party as confidential and the provisions of this Section may be invoked.

14.2   In the event that a Party seeks to question a witness at a deposition about Protected Material that the witness is not otherwise authorized to access under this Order (e.g., material designated as "ATTORNEYS' EYES ONLY" that the witness is not authorized to access pursuant to paragraph 7.3 of this Protective Order), the Party who wishes to disclose the Protected Material must first seek permission to do so from the Designating Party.   Such permission shall not be unreasonably denied.   However, if permission is denied, the party seeking to disclose the Protected Material may present an application to the Court for leave to disclose such information to the witness

at issue.  In making such an application, the burden shall be on the requesting party to demonstrate good cause for making the disclosure.

14.3    If counsel believes that any question or questions that will be put to a witness at deposition in this action will disclose information designated as Protected Material, or if information designated Protected Material will be used as an exhibit at such a deposition, counsel shall advise opposing counsel of same in the course of the deposition, and the deposition (or protected portions thereof), shall be conducted in the presence of persons entitled under the terms of this Order to access the Protected Material at issue.

**15.    <u>NO WAIVER OF RIGHT TO APPROPRIATELY WITHHOLD OR REDACT</u>**

15.1    Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material or not, any information containing privileged material, or any other data protected from disclosure by State, Federal or foreign regulations.

15.2    The parties agree that productions of Protected Data Information may require additional safeguards pursuant to Federal, State or foreign statutes, regulations or privacy obligations and will meet and confer to implement these safeguards if and when needed.

**16.    <u>AMENDMENT</u>**

This Order may be amended with respect to (a) specific documents or items of Protected Material or (b) persons to whom Protected Material may be disclosed, by Court order.  This Order shall remain in force and effect indefinitely until modified, superseded or terminated by order of this Court.

**17.    <u>MISCELLANEOUS</u>**

17.1    Nothing herein shall prevent any Party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Orders.

17.2    Nothing contained in this Order shall be construed to restrain a Party or third party from using or disclosing its own Protected Material as it deems appropriate.  Nothing in this Order shall be construed to require production of any Protected Material deemed by counsel for the Party or third party possessing such material to be privileged or otherwise immune from discovery.  This

STIPULATED PROTECTIVE ORDER
5:23-cv-03785-EJD

1   shall not preclude any Party from moving the Court for an order compelling production or disclosure

2   of such material.

3       17.3    All notices required by any Sections of this Order are to be made by e-mail to counsel

4   representing the noticed Party.  The date by which a Party receiving notice shall respond or otherwise

5   take action shall be computed from the date of receipt of the notice.  For any notice required under

6   this Order, notice received after 5:00 p.m. Eastern Standard Time shall be deemed received on the

7   following business day.

8       17.4    Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to

9   his or her client with respect to the Litigation and, in the course thereof, relying in a general way upon

10  his or her examination of the Protected Material produced or exchanged in the Litigation; provided,

11  however, that in rendering such advice and in otherwise communicating with a person not entitled to

12  view any Protected Material, the attorney shall not disclose the contents of Protected Material

13  produced by any other Party or non-party.

14      17.5    Nothing in this Order shall be construed to limit any Receiving Party's rights to use in

15  briefs or at trial or in any proceeding in this litigation, Protected Material of a Designating Party,

16  subject to the provisions in Section 7 above.  Nor shall this Order prevent counsel from examining a

17  witness to determine whether he or she has knowledge of the subject matter comprising Protected

18  Material, so long as such examination shall be in a manner that does not disclose the details of the

19  Protected Material.

20      17.6    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order

21  no Party waives any right it otherwise would have to object to disclosing or producing any

22  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

23  Party waives any right to object on any ground to use in evidence of any of the material covered by

24  this Protective Order.

25      17.7    Filing Protected Material.  Without written permission from the Designating Party or

26  a court order secured after appropriate notice to all interested persons, a Party may not file in the

27  public record in this action any Protected Material.  A Party that seeks to file under seal any Protected

28  Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal

pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

17.8    The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


DATED: February 28, 2024                    */s/ Mark K. Gyandoh*
                                            Attorneys for Plaintiffs

DATED: February 28, 2024                    */s/ Sean K. McMahan*
                                            Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: ___June 5, 2024___     _____

                              United States District Judge



1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3  I, _____ [print or type full name], of _____ [print or

4  type full address], declare under penalty of perjury that I have read in its entirety and understand

5  the Stipulated Protective Order that was issued by the United States District Court for the Northern

6  District of California on [date] in the case of _____ **[insert formal name of the case and**

7  **the number and initials assigned to it by the court]**. I agree to comply with and to be bound by

8  all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

9  so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

10  promise that I will not disclose in any manner any information or item that is subject to this

11  Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12  of this Order.

13  I further agree to submit to the jurisdiction of the United States District Court for the Northern

14  District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

15  even if such enforcement proceedings occur after termination of this action.

16  I   hereby   appoint   _____   [print   or   type   full   name]   of

17  _____ [print or type full address and telephone number]

18  as my California agent for service of process in connection with this action or any proceedings

19  related to enforcement of this Stipulated Protective Order.

20

21  Date: _____

22  City and State where sworn and signed: _____

23

24  Printed name: _____

25

26  Signature: _____

27

28

Dated: February 28, 2024

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*

Mark K. Gyandoh (*pro hac vice*)
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile:   (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey (*pro hac vice*)
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile:  (717) 233-4103
Email: donr@capozziadler.com

**ROSMAN & GERMAIN APC**
Daniel L. Germain
5959 Topanga Canyon Boulevard
Suite 360
Woodland Hills, CA 91367-7503
Telephone:  (818) 788-0877
Facsimile: (818) 788-0885
E-mail:  Germain@lalawyer.com

*Attorneys for Plaintiffs*

Dated: February 28, 2024

**MORGAN, LEWIS & BOCKIUS LLP**
*/s/ Sean K. McMahan*
Sean K. McMahan (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone:  +1.214.466.4000
Facsimile:   +1.214.466-4001
Email: sean.mcmachan@morganlewis.com

Deborah S. Davidson (*pro hac vice*)
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive
Chicago, IL 60606-1511
Telephone: +312.324.1159
Facsimile: +312.324.1001
Email: deborah.davidson@morganlewis.com

Mathew J. McKenna (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: +1.202.739.3000
Facsimile:  +1.202.739.3001
Email: mathew.mckenna@morganlewis.com

Mark A. Feller, Bar No. 319789
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001
mark.feller@morganlewis.com

*Attorneys for Defendants*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)

The filer attests that the other signatory listed, Mark K. Gyandoh, who is the authorized signatory of Plaintiffs, concurs in the filing's content and has authorized the filing.

Dated: February 28, 2024

*/s/ Sean K. McMahan*
Sean K. McMahan